ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CLIFTON SAVAGE,<br>   a/k/a "Lucky,"<br><br>                Defendant. | **SEALED INDICTMENT**<br><br>25 Cr.<br><br>25 CRIM 472 |

### COUNT ONE
### (Possession With Intent to Distribute Narcotics)

The Grand Jury charges:

1. From at least in or about 2018 through on or about December 30, 2021, in the Southern District of New York and elsewhere, CLIFTON SAVAGE, a/k/a "Lucky," the defendant, knowingly and intentionally distributed and possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

2. The controlled substance involved in the offense was a quantity of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C).)

### COUNT TWO
### (Firearm Use, Carrying, and Possession)

The Grand Jury further charges:

3. On or about December 26, 2021, in the Southern District of New York and elsewhere, CLIFTON SAVAGE, a/k/a "Lucky," the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the drug

trafficking crime charged in Count One of this Indictment, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm, which was brandished and discharged.

(Title 18, United States Code, Section 924(c)(1)(A)(i), (ii), and (iii).)

### COUNT THREE
### (Murder Through the Use of a Firearm)

The Grand Jury further charges:

4. On or about December 26, 2021, in the Southern District of New York and elsewhere, CLIFTON SAVAGE, a/k/a "Lucky," the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the drug trafficking crime charged in Count One of this Indictment, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm, and in the course of that crime caused the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111, to wit, SAVAGE fatally shot Terrence Smith in the vicinity of East 168th Street and Morris Avenue in the Bronx, New York, while engaged in a drug-related dispute with Smith.

(Title 18, United States Code, Section 924(j).)

### COUNT FOUR
### (Murder Through the Use of a Firearm)

The Grand Jury further charges:

5. On or about December 26, 2021, in the Southern District of New York and elsewhere, CLIFTON SAVAGE, a/k/a "Lucky," the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the drug trafficking crime charged in Count One of this Indictment, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm, and in the course of that crime caused the

death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111, to wit, SAVAGE fatally shot Sergio Santana in the vicinity of East 168th Street and Morris Avenue in the Bronx, New York, while engaged in a drug-related dispute with Santana.

(Title 18, United States Code, Sections 924(j).)

### SPECIAL FINDINGS REGARDING COUNTS THREE AND FOUR

6. Counts Three and Four of the Indictment are re-alleged and incorporated by reference as though fully set forth herein. As to Counts Three and Four, alleging murder through the use of a firearm stemming from the December 26, 2021 murders of Terrence Smith and Sergio Santana, CLIFTON SAVAGE, a/k/a "Lucky," the defendant:

   a. was 18 years of age and older at the time of the offense;

   b. as to Count Three, SAVAGE intentionally killed Terrence Smith (Title 18, United States Code, Section 3591(a)(2)(A));

   c. as to Count Four, SAVAGE intentionally killed Sergio Santana ((Title 18, United States Code, Section 3591(a)(2)(A));

   d. as to Count Three, SAVAGE intentionally inflicted serious bodily injury that resulted in the death of Terrence Smith (Title 18, United States Code, Section 3591(a)(2)(B));

   e. as to Count Four, SAVAGE intentionally inflicted serious bodily injury that resulted in the death of Sergio Santana (Title 18, United States Code, Section 3591(a)(2)(B));

   f. as to Count Three, SAVAGE intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Terrence Smith died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

    g. as to Count Four, SAVAGE intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Sergio Santana died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

    h. as to Count Three, SAVAGE intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Terrence Smith died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

    i. as to Count Four, SAVAGE intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Sergio Santana died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

    j. in the commission of the offenses knowingly created a grave risk of death to one and more persons in addition to the victims of the offenses (Title 18, United States Code, Section 3592(c)(5));

    k. committed the offenses after substantial planning and premeditation to cause the death of Terrence Smith and Sergio Santana (18 U.S.C. § 3592(c)(9));

    l. has previously been convicted of two or more State offenses punishable by a term of imprisonment of more than one year, committed on different occasions, involving the distribution of a controlled substance (18 U.S.C. § 3592(c)(10)); and

m.  intentionally killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

## COUNT FIVE
### (Possession of Ammunition After a Felony Conviction)

The Grand Jury further charges:

7.  On or about December 26, 2021, in the Southern District of New York and elsewhere, CLIFTON SAVAGE, a/k/a "Lucky," the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed ammunition, to wit, four Luger 9mm caliber cartridge cases, and the ammunition was in and affecting commerce.

(Title 18, United States Code, Section 922(g)(1).)

## FORFEITURE ALLEGATIONS

8.  As a result of committing the offense alleged in Count One of this Indictment, CLIFTON SAVAGE, a/k/a "Lucky," the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

9.  As a result of committing the offenses alleged in Counts Two, Three, Four, and Five of this Indictment, CLIFTON SAVAGE, a/k/a "Lucky," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United

States Code, Section 2461(c), any and all firearms and ammunition involved in or used in said offense, including but not limited to:

    a.    Four Luger 9mm cartridge cases.

### Substitute Assets Provision

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code Section 924,
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

JAY CLAYTON
United States Attorney