**LEONARDO M. ALDRIDGE**
**Attorney-At-Law**
**20 Vesey St. Suite 400**
**New York, NY 10007**

September 19, 2026

**BY ELECTRONIC FILING**

Hon. Colleen McMahon
United States District Judge
United States Courthouse
500 Pearl St.
New York, NY 10007

**Re: United States v. Clifton Savage, 25 Cr. 472 (CM) — Rule 29 Motion and Proposed Sequential Jury Instruction**

Your Honor:

This letter addresses two related issues.

First, it supplements Mr. Clifton Savage's oral motion under Rule 29 for a judgment of acquittal on Counts Three and Four, which charge the murders of Sergio Santana and Terrence Smith through the use of a firearm in the course of a drug-trafficking crime, in violation of 18 U.S.C. § 924(j).

Second, it addresses the proper sequence of deliberations if the Court reserves decision on the Rule 29 motion or denies it. In that event, Mr. Savage requests the greater/lesser-included-offense structure the Court proposed on September 18 in light of *Barrett*: the jury should consider Counts Three and Four first and should consider Count Two only if it unanimously acquits Mr. Savage on both Section 924(j) counts.

## I. Judgment of Acquittal Is Warranted on Counts Three and Four

The cleanest and most legally sound course is to enter a judgment of acquittal on Counts Three and Four. Those counts allege that, on or about December 26, 2021, Mr. Savage caused two deaths through the use of a firearm in the course of a violation of Section 924(c), with a drug-trafficking crime serving as the predicate offense. See 18 U.S.C. § 924(j). Consistent with that statutory language, the Court's proposed instruction states that the Government must prove beyond a reasonable doubt that each death was caused for a purpose related to drug trafficking.

The Court's September 17 letter identified the same requirement. Quoting *Barrett*, the Court observed that every defendant subject to Section 924(j) has necessarily violated Section

924(c), and that Section 924(j) criminalizes a violation of Section 924(c) that causes death. The Court therefore concluded that the firearm's use in connection with the predicate drug-trafficking crime must cause the death charged in the corresponding Section 924(j) count.

That is the central defect in the Government's proof. Section 924(j) does not reach every firearm murder committed by a person who also happens to violate Section 924(c). It applies only when a person, "in the course of a violation of subsection (c), causes the death of a person through the use of a firearm." 18 U.S.C. § 924(j).

The Government therefore had to prove a nexus between each firearm-caused death and the drug-trafficking crime underlying the Section 924(c) violation. It was not enough to prove, as separate propositions, that Mr. Savage committed a drug-trafficking offense, possessed or used a firearm in furtherance of that offense, and committed a murder with that firearm. The death itself had to arise in the course of the Section 924(c) violation. As the Court explained in its September 17 letter, the jury would have to find that the murder had "some connection to the underlying drug trafficking offense that serves as the predicate for the 924(c) violation."

That conclusion does not require extending *Barrett* beyond its holding. The Second Circuit applied the same nexus requirement in *United States v. Capers*, 20 F.4th 105 (2d Cir. 2021). There, the Court considered whether the evidence established the required connection between the murder and the predicate narcotics conspiracy, and it upheld the conviction because the evidence permitted the jury to find that the defendant committed the murder "during and in relation to the narcotics conspiracy charged in the indictment." Id. at 115.

Here, even when the evidence is viewed in the light most favorable to the Government, no rational juror could find the required nexus between the killings of Sergio Santana and Terrence Smith and a drug-trafficking crime. As Mr. Savage argued orally, there was no evidence that he worked with or against Mr. Smith or Mr. Santana in drug trafficking; that he served as a lookout for them; that he had a drug dispute or drug agreement with them; that he aided or abetted their distribution of drugs, or anyone else's; that the firearm was possessed to protect drugs or drug proceeds; or that either killing was committed because of, during, or in furtherance of a drug-trafficking crime.

The point is straightforward: Section 924(j) requires a nexus between the Section 924(c) violation and the charged deaths. Evidence that a defendant trafficked drugs, possessed a firearm in furtherance of drug trafficking, and separately committed a firearm murder does not establish that element.

The Court's hypothetical at Thursday's conference illustrates the distinction. If a drug dealer who possesses a firearm in furtherance of drug trafficking later uses that firearm to murder his spouse because of a purely personal dispute, the drug offense and firearm possession do not transform that unrelated murder into a Section 924(j) offense. The Government initially agreed, then retreated from that answer. Its first answer was correct.

*United States v. Blondet*, No. 16 Cr. 387 (JMF), Dkt. 804 (S.D.N.Y. Nov. 4, 2019), reflects the same principle in a closely analogous setting. Luis Blondet was a high-ranking member of a Puerto Rico-based violent drug-trafficking organization. Yet Judge Furman granted a Rule 29

motion on the count arising from Blondet's murder of Crystal Martinez-Ramirez after she rebuffed his sexual advances because the killing arose from a purely personal dispute and the Government had not proved the charged connection to the criminal enterprise. Id. at 19–21. *Blondet* confirms that a defendant's participation in narcotics or weapons crime cannot substitute for proof that the particular murder bears the nexus required by the statute charged.

Because the Government presented no evidence from which a rational juror could find that either charged death occurred in the course of the alleged Section 924(c) violation, the evidence is legally insufficient on Counts Three and Four. Mr. Savage respectfully requests that the Court enter a judgment of acquittal on both counts.

## II. If Counts Three and Four Are Submitted to the Jury, Count Two Should Be Treated as a Lesser-Included Offense Under Barrett

If the Court reserves decision or denies the Rule 29 motion, the defense requests that all three counts be submitted under the sequential structure applicable to greater and lesser-included offenses. The jury should first deliberate on the Section 924(j) charges in Counts Three and Four. Only if the jury unanimously acquits Mr. Savage on both counts should it proceed to Count Two, the lesser-included Section 924(c) offense.

The jury thus should not deliberate on Count Two unless and until it has unanimously acquitted Mr. Savage on both greater offenses. This structure submits all charged offenses to the jury, recognizes the greater/lesser relationship established by *Barrett*, and avoids duplicative convictions. It also accords with the "acquit-first" procedure discussed in *United States v. Torres*, 901 F.2d 205, 241 (2d Cir. 1990), and *United States v. Tsanas*, 572 F.2d 340, 346 (2d Cir. 1978). Under *Tsanas*, when a defendant timely elects between the permissible sequencing instructions, "the defendant's choice should be accepted." 572 F.2d at 346.

For these reasons, Mr. Savage respectfully requests that the Court enter a judgment of acquittal on Counts Three and Four. In the alternative, if the Court reserves decision or denies the motion, Mr. Savage requests that the jury be instructed to deliberate first on Counts Three and Four and to proceed to Count Two if, and only if, it unanimously acquits him on both Section 924(j) charges.

Respectfully submitted,

*S/Leonardo M. Aldridge*
*S/Mark DeMarco*
*S/Elizabeth Macedonio*
***Attorneys for Mr. Savage***